## ESTATE OF WILLIAM BROWN, DECEASED.
### [No. 15,983; 1899.]

**Will—Due Execution—Evidence of Scrivener's Experience.**—On the issue of due execution of a will, the testimony of an attesting witness who drew the instrument that he has had experience in drawing wills is admissible.

**Will—Competency of Testator—Evidence.**—On the issues of mental competency of a testator and undue influence in the execution of his will, evidence of the pecuniary circumstances of a legatee and of her husband is inadmissible.

**Will—Failure of Memory of Witness.**—The fact that an attesting witness to a will cannot remember the details of the transaction does not cast a cloud upon the due execution of the instrument established by other direct evidence and circumstances.

**Will—Competency of Testator—Age and Physical Infirmities.**—Evidence of the advanced age of a testator and of his physical infirmities, if they did not impair the operation of his mind in the making of his will, does not establish testamentary incapacity.

Linforth & Whitaker, H. A. Massey and Dunne & McPike, for contestants.

Bishop & Wheeler and L. M. Hoefler, for proponents.

### DECISION ON MOTION FOR NEW TRIAL.

COFFEY, J.   The court erred in the exclusion of the testimony of Mr. Sonntag, as to his experience in drawing wills. This testimony should have been allowed to remain in the record and it was material error to strike it out (Exception 33, B. of E., page 140) : Gable v. Rauch, 50 S. C. 95, 27 S. E. 555.

The court erred in admitting testimony as to the pecuniary circumstances of Mrs. Tolford and husband prior to the making of the will (Exceptions 23 and 24, B. of E., page 114) : In re Kaufman, 117 Cal. 288, 59 Am. St. Rep. 179, 49 Pac. 192.   See language of Mr. Justice Harrison on page 296. This error was material.

There is no sufficient, if any, support for the finding of the jury against the due execution and attestation of will.   The defeat or failure of memory of witness Hopkins as to the details of the transaction cannot cast a cloud upon the fact of the execution established by other direct evidence and circumstances.   Mr. Hopkins identified his signature to the attestation clause, but could not recall particulars as to signature by the testator for any request or declaration by decedent; Hopkins remembered only that Sonntag requested him to subscribe his name and he did so as a witness.   Mr. Sonntag's testimony corrects any infirmity in the memory of the other subscribing witness, Mr. Hopkins, and it is not necessary to suggest sinister motive in the latter.   The attestation clause itself would cure total lapse of memory in both witnesses.

The main issues are the alleged mental incompetency of the testator on the 13th day of February, 1891, and alleged undue influence of Mrs. Tolford upon the testamentary act.

In view of the elaborate arguments of counsel and their minute analysis of the testimony taken on the trial, it were idle to recount the evidence on these issues.   Reading of their briefs relieved the tedium of vacation and supplied the vacuum between sessions of court during the summer season and hastened the approach of the autumnal equinox.   I have read again and again simply to enjoy the reading as a rare pleasure of the intellect; but all pleasures of deliberation must end in the pain of deciding, and so in this case.

The burden of proof is upon plaintiffs, and assuming, as established, all the facts relied upon in their written discussion, I fail to find sufficient evidence to support the verdict upon either issue. None of those facts bore upon the transaction itself. At the time of the execution of the instrument there is absolutely no evidence to show that testator was either insane or unduly influenced. All of the authorities are against the contrary contention, and the evidence in support of the testamentary act is greatly preponderant, and upon the immediate act all one way; likewise, as to undue influence. The age and physical infirmities of the decedent do not affect this conclusion as they did not impair the operation of his mentality upon the act itself.

I have been reluctant to come to a conclusion contrary to the verdict of the jury in this case, because, recognizing the exceptional character of the panel, for integrity and intelligence, their judgment must be accorded respect as conscientiously reached and recorded, and if they erred, they are not to be blamed any more than the trial judge whose misconception of the law, in his rulings upon the evidence, contributed to a conclusion which compels him to grant a motion for a new trial.

---

*As to Validity of Will* executed by persons of advanced years or under physical infirmity, see Estate of Casey, 2 Cof. Prob. Dec. 68, and note: Estate of McGinn, 3 Cof. Prob. Dec. 26; Estate of Dolbeer, 3 Cof. Prob. Dec. 232; Estate of Brown, 5 Cof. Prob. Dec. 428.